UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC
PRODUCTS LIABILITY LITIGATION                              MDL No. 3044

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiffs in eight actions move under 28 U.S.C. § 1407 to centralize this litigation involving injuries associated with the implantation of polyethylene liners of certain hip, knee and ankle implants in the Eastern District of New York or, alternatively, the Eastern District of Pennsylvania or the Southern District of New York. Plaintiffs' motion includes 27 actions pending in eleven districts, as listed on Schedule A, as well as 48 potentially-related actions.[1]

Plaintiffs in a total of nine actions and seventeen potential tag-along actions responded unanimously in support of centralization in the Eastern District of New York. Plaintiffs in the Eastern District of Arkansas *Wilson* action and eight potential tag-along actions alternatively suggest centralization in the Eastern District of Pennsylvania. Similarly, plaintiff in the first-filed Southern District of New York *Patterson* action offers the Southern District of New York as an alternative suggestion. Defendants Exactech, Inc. and Exactech U.S., Inc. (collectively, Exactech), initially supported centralization in either the Southern District of New York or the Eastern District of Louisiana. Defendants later revised their preferred transferee districts to include the Northern District of Florida, the District of South Carolina, and the Eastern District of Louisiana.

After considering the argument of counsel, we find that centralization of these actions in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. This litigation concerns two events concerning polyethylene components of Exactech medical devices. On June 28, 2021, Exactech issued a product safety alert regarding the clinical performance of the polyethylene liner used in its Connexion GXL hip systems. On August 31, 2021, Exactech initiated a recall related to polyethylene inserts used in its knee and ankle[2] devices because such devices were packaged in out-of-specification vacuum bags that are oxygen resistant but do not contain a secondary oxygen

---

[*] Judges Nathaniel M. Gorton, David C. Norton, and Roger T. Benitez took no part in the decision of this matter.

[1] These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] No plaintiff on an action on the motion brings claims regarding an Exactech Vantage Total Ankle System device, and no potential tag-along plaintiffs have emerged with claims arising from the implantation of a Vantage device. If these types of cases materialize, then their inclusion in the MDL can be addressed via the conditional transfer order process.

barrier of ethylene vinyl alcohol.  In August 2022, Exactech expanded its June 2021 recall to include additional Connexion GXL hip liners and other polyethylene liners.[3]

Plaintiffs in the actions before us allege that their knee or hip replacement devices (Optetrak and Truliant, and Connexion GXL, respectively) failed prematurely because of degradation of the device's polyethylene component, which resulted in the premature removal (or planned removal) of the prosthesis at issue.  All actions can be expected to share factual questions concerning the design, manufacture, testing, marketing, packaging, and performance of the polyethylene components of their Exactech devices.  Plaintiffs allege that oxidation of the moderately cross-linked polyethylene used in the Exactech hip, knee and ankle devices causes inflammatory responses when implanted, generates polyethylene debris, crack, and loosen the device, all of which in turn requires revision surgery.  Centralization offers substantial opportunity to streamline pretrial proceedings, reduce duplicative discovery and conflicting pretrial obligations, as well as prevent inconsistent rulings on common *Daubert* challenges and other issues.

While any number of proposed transferee districts could ably handle this litigation, we are persuaded that the Eastern District of New York is the appropriate transferee district for these cases.  The Eastern District of New York, where 26 cases are pending (over a third of the 75 total actions and potential tag-along actions), is a relatively underutilized transferee district.  Several witnesses involved with the development of the Optetrak knee device may be found in the district at the Hospital for Special Surgery (HSS).  Plaintiffs note HSS had a collaborative relationship since 1992 with Exactech, and some of its surgeons have studied the performance of Exactech hip and knee joints.  While this district is relatively far from Gainesville, Florida, where Exactech is based, the defendants should not be inconvenienced by centralization in this district, as they appear to do substantial business here and initially proposed centralization in an adjoining district.  By selecting Judge Nicholas G. Garaufis to preside over this litigation, we are selecting a skilled jurist who is well-versed in the nuances of complex and multidistrict litigation to steer this matter on a prudent course.

---

[3] On August 11, 2022, Exactech expanded its prior Class II recall of polyethylene hip liners.  The expanded recall affects approximately 40,000 Exactech moderately cross-linked (Connexion GXL) and conventional non-cross-linked ultra-high molecular polyethylene acetabular hip liners (marketed as Acumatch, MCS and Novation devices).  As with potential cases involving a Vantage ankle system device, inclusion of the Acumatch, MCS and Novation devices in this MDL can be addressed via the conditional transfer order process.

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of New York are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Nicholas G. Garaufis for coordinated or consolidated proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Matthew F. Kennelly        Dale A. Kimball
Madeline Cox Arleo

IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC
PRODUCTS LIABILITY LITIGATION          MDL No. 3044

## SCHEDULE A

<u>Eastern District of Arkansas</u>

WILSON, ET AL. v. EXACTECH, INC., C.A. No. 4:22−00136

<u>District of Colorado</u>

CARSON v. EXACTECH, INC., ET AL., C.A. No. 1:22−00919

<u>District of Connecticut</u>

PRAVIN v. EXACTECH, INC., ET AL., C.A. No. 3:22−00682

<u>Eastern District of Louisiana</u>

BILLUPS v. EXACTECH, INC., C.A. No. 2:22−01410

<u>District of Maryland</u>

MCBRIDE, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 1:22−00615
HODGE, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 1:22−01026
FOXWELL, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 1:22−01027
LAWS, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 1:22−01206

<u>Eastern District of Missouri</u>

MENEESE v. EXACTECH, INC., ET AL., C.A. No. 4:22−00546

<u>District of New Jersey</u>

CERVELLI v. EXACTECH, INC., ET AL., C.A. No. 2:22−02967
HEAD v. EXACTECH, INC., ET AL., C.A. No. 3:22−02938

<u>Eastern District of New York</u>

GOLDMAN v. EXACTECH, INC., ET AL., C.A. No. 1:22−01974
DALY v. EXACTECH, INC., ET AL., C.A. No. 1:22−01978
BERGER, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 1:22−03158
ALBERTI, ET AL. v. EXACTECH, INC., C.A. No. 2:22−00351
FASSLER, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 2:22−02633

-A2-

AFZALI v. EXACTECH, INC., ET AL., C.A. No. 2:22−03455
CUNEO, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 2:22−03456

    Southern District of New York

PATTERSON v. EXACTECH, INC., C.A. No. 1:21−06231
LIBERATORE, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 1:22−01994
BURKE v. EXACTECH, INC., ET AL., C.A. No. 1:22−02086
AGRO v. EXACTECH, INC., ET AL., C.A. No. 1:22−02134
KREITZMAN v. EXACTECH, INC., ET AL., C.A. No. 1:22−04183
INSDORF, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 1:22−04885

    District of South Carolina

OXENDINE v. EXACTECH, INC., ET AL., C.A. No. 3:22−01231
DAVIS v. EXACTECH, INC., ET AL., C.A. No. 3:22−01236

    Northern District of Texas

MORRISON, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 3:22−00880